IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:09CR130 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | PRELIMINARY ORDER |
| STEVEN R. BOBINGER, ) | OF FORFEITURE |
| ) | |
| Defendant. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 24). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, III and IV of said Indictment. Count I charges the Defendant with conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  Count III charges the Defendant with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Count IV of said Indictment seeks the forfeiture, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a .38 Derringer silver handgun, serial number D115498, and a Sears and Roebuck model 3T .22 caliber rifle, serial number R365749, on the basis they were  firearms involved or used in the knowing commission of the offense charged in Counts I and III.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 24) is hereby sustained.

B.  Based upon Count IV of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the .38 Derringer silver handgun, serial number D115498, and a Sears and Roebuck model 3T .22 caliber rifle, serial number R365749.

C.  The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D.  The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 19th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge