IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:09CR130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| **STEVEN R. BOBINGER,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed on behalf of the Defendant, Steven R. Bobinger, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 49).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Bobinger pleaded guilty to Counts I, III, and IV of the Indictment charging him with: conspiracy to distribute and possess with intent to distribute methamphetamine (Count I); being an alien in possession of firearms (Count III); and forfeiture (Count IV). On November 25, 2009, Bobinger was sentenced to concurrent terms of 46 months imprisonment on Counts I and III. He did not file a direct appeal, and this motion was timely filed.

## DISCUSSION

Bobinger raises the following claims: "a person" should not be discriminated against "regardless of race, religion, color, origin or nationality, etc." under the Equal Protection Clause (Claim One); aliens should not be deprived of a one-year sentence reduction after completion of the Bureau of Prisons' 500-hour substance abuse program (Claim Two); and an alien should not be deprived of early release to a halfway house (Claim Three).

### *Claim One: Equal Protection*

This claim is broad and vague, and it relates to Claims Two and Three. Therefore, the claim is summarily denied.

### *Claim Two: One-Year Sentence Reduction*

Bobinger argues that despite his alien status he should be entitled to the one-year sentence reduction for completion of the 500-hour substance abuse program. The Eighth Circuit has noted numerous times that aliens are not entitled to the one-year reduction upon successful completion of the 500-hour program. *See, e.g., United States v. Rodriguez,* 29 Fed. Appx. 406, at **1 (8th Cir. 2002). The claim is summarily denied.

### *Claim Three: Halfway House*

Bobinger argues that despite his alien status he should be entitled to being released to a halfway house for the final months of his sentence. The Eighth Circuit has stated numerous times that aliens are not entitled to spend the final six months of their sentence in a halfway house. *See, e.g., Rodriguez,* 29 Fed. Appx. 406, at **1. The claim is summarily denied.

## CONCLUSION

It plainly appears from the motion that Bobinger is not entitled to relief and, therefore, his motion is summarily denied.

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 49);

2.  Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 49);

3.  A separate Judgment will be issued; and

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 9th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge